# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

No. 09-50865
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO OLMEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3386-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Eduardo Olmedo appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal. The district court sentenced Olmedo to 70 months imprisonment and three years supervised release, a sentence at the low end of the guidelines range.

Olmedo contends that the sentence was unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He maintains

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the Guideline on which his sentence was based, U.S.S.G. § 2L1.2, was not based on empirical data, making the guidelines range excessive even in a normal case. He claims that the guidelines sentence range was excessive because his prior federal drug conviction both increased his offense level by 16 and resulted in six criminal history points. Olmedo also asserts that the sentence was too severe because his offense amounted to an international trespassing offense. He argues that the sentence was excessive because he had lived in the United States since he was five years old and because the district court based the sentence on its view that it had imposed a lenient sentence for Olmedo's prior drug conviction.

The district court considered and rejected Olmedo's arguments for a sentence below guidelines range. With explicit reference to the § 3553(a) factors of deterrence and promoting the respect of law, it determined that a sentence within the guidelines range was appropriate. Although § 2L1.2 may not be based on empirical data, the presumption of reasonableness still applies to sentences within a guidelines range properly calculated under § 2L1.2. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Both the international trespass and the double counting of prior convictions contentions that Olmedo raises have been raised previously in this court without success. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Even though the district court considered that it had given Olmedo a lenient sentence for his prior drug conviction, Olmedo has not shown that this was improper. *See United States v. Lee*, 358 F.3d 315, 328-29 (5th Cir. 2004). As Olmedo was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Olmedo has not shown sufficient reason to overcome that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.